SUSAN V. SLATER, PLAINTIFF IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, DEFENDANT IN ERROR.

Argued December 5, 1907—Decided March 2, 1908.

1. Where a trolley company applies a lubricant to its tracks along a public street in order that its cars may pass around a curve more easily, it is its duty to make the application in such manner as not to endanger the safety of persons entitled to use the street.
2. In crossing a public street at a corner where a pavement crossing has been laid, the plaintiff had a right to assume that it was a safe place to walk over, and that there was no danger in doing so, unless warned to the contrary, and when passing along the crossing was not guilty of contributory negligence because in observing an approaching street car to avoid danger from it, she inadvertently stepped upon a portion of the crossing covered with oil, put there by defendant as a track lubricant, and was thrown down and injured.
3. The non-joinder of her husband by a married woman in an action of tort brought by her, is not the proper basis of a nonsuit where the only plea is not guilty.

---

On error to the Supreme Court.

For the plaintiff in error, *Warren Dixon.*

For the defendant in error, *William D. Edwards* and *Edwin F. Smith.*

The opinion of the court was delivered by

BERGEN, J.   The defendant, being the owner and operator of a street railway, caused the tracks to be lubricated with oil at a curve in the tracks.   The purpose of the curve was to carry the cars used on the tracks from one street to another running at right angles thereto.   At this point there was a street crossing provided with a pavement for the use of foot passengers crossing from one side of the street to the other.

At the close of the plaintiff's case it appeared that she was using the crossing pavement, and while watching an approaching trolley car inadvertently stepped upon the track and pavement immediately adjoining, without noticing the oil or lubricant put there by the defendant shortly before, and was thereby thrown and seriously injured; that a car was approaching about half a block away to which she gave her attention, and, therefore, did not observe the oil or grease which she could have seen and avoided if she had not been watching the coming car; that, although she had brought the suit in her own name, she was a married woman.

In this condition of the proofs defendant moved for a nonsuit upon the grounds—*first,* that no negligence had been shown either by defendant or its servants; *second,* because contributory negligence on the part of the plaintiff had been shown; *third,* because the plaintiff was a married woman and had brought the suit without joining her husband as plaintiff.

On the first point it appears by the answers to interrogatories served on the defendant that it had placed oil upon the curve at the place where plaintiff fell, before the date of the accident, but whether on that day or not defendant was unable to say; that oil was put on with a brush.   The plaintiff testified on cross-examination that she looked to see what she had slipped on and said that the tracks and crosswalk between the tracks had something on it, and that she not only saw the grease on the track, but on the surface also, and in her examination-in-chief she said, "I stepped on the rail and walk at the same time and I slipped."

Under the well-established rule in this state a person using the sidewalks and crosswalks of a public street has a right to

presume that they are safe for ordinary use, and that "there is no dangerous impediment or pitfall in any part of it" (*Durant* v. *Palmer*, 5 *Dutcher* 544), and when this defendant placed upon its tracks, and the pavement of the crosswalk, sufficient black oil or other lubricant to throw one who might step upon it, a case is presented, which, if not justifying a direction for the plaintiff, at least required the submission to the jury of the question whether the conduct of this defendant in making the crosswalk dangerous was not, under the circumstances, a negligent act.

The second point was based upon the alleged contributory negligence of the plaintiff. The defendant in error contends that plaintiff's negligence produced the injury because she admits that the cause of it was obvious, and that she would have seen it and avoided it if she had not been watching the car, and that the car she was observing was over half a block away. Starting with the presumption, as she was justified in doing, that the crossing was in a safe condition for walking over, she cannot be charged with contributory negligence because, while she was endeavoring to avoid a known and approaching danger, she walked unconsciously into another and unexpected one, which she had no reason to apprehend. She was exercising a lawful right in crossing the street, but in doing so it became her duty to avoid collision with others rightfully on the street, and it cannot be said that under the evidence in this case she used any greater care to avoid the trolley car than was reasonably prudent under the circumstances, and such care she was bound to exercise. *Newark Passenger Railway Co.* v. *Block*, 26 *Vroom* 605. It was error to take from the jury the question of contributory negligence under the evidence in this case.

The third point, viz., the non-joinder of the husband has no merit. The only plea was not guilty. If the defendant intended to avail itself of the omission complained of there should have been a plea in abatement and notice of non-joinder, and the fact of non-joinder of the husband would not, under the pleading in this case, support a nonsuit.

The judgment below is reversed, and a new trial ordered.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, BOGERT, VROOM, GREEN, DILL, J.J.   12.